**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CROSSFIT, INC.<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, D.C. 20036<br><br>and<br><br>U.S. RIGHT TO KNOW<br>4096 Piedmont Avenue, #963<br>Oakland, CA 94611<br><br>and<br><br>ANDREA MARIA CECIL<br>CrossFit, Inc.<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, D.C. 20036<br><br>    Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Avenue, SW<br>Washington, D.C. 20201<br><br>    Defendant. | Civil Action No. 18-2296 |

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, to seek the disclosure of agency records sought by the plaintiffs CrossFit, Inc., U.S. Right to Know, and Andrea Maria Cecil from the defendant Department of Health and Human Services (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CrossFit, Inc. ("CrossFit") provides accredited training seminars throughout the world and has a worldwide network of more than 15,000 affiliated gyms and over 130,000 accredited CrossFit Level 1 trainers. It created the Sport of Fitness, known as the CrossFit Games, where it crowns the Fittest Man and Woman on Earth. It is headquartered in Washington, D.C. and California.

4. Plaintiff U.S. Right to Know ("USRTK") is a 501(c)(3) non-profit food and public health research organization based in Oakland, California.

5. Plaintiff Andrea Maria Cecil ("Ms. Cecil") is an Assistant Managing Editor and Head Writer for the CrossFit Journal, and is a representative of the news media.

6. Defendant Department of Health and Human Services ("HHS") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. HHS controls – and consequently serves as the proper party defendant for litigation purposes for – the National Institutes of Health ("NIH") and the Centers for Disease Control and Prevention ("CDC").

## **FACTUAL BACKGROUND**

7. This FOIA lawsuit seeks disclosure of non-exempt agency records memorializing the manner in which HHS components have determined what information needs to be included in mandatory annual reports that are made publicly accessible for review by the American people.

*Annual Disclosure Requirements*

8. Pursuant to the statutory requirements of the Public Health Service Act ("PHSA"), the Foundation for the National Institutes of Health ("NIH Foundation") and the CDC Foundation are respectively required to publish annual reports outlining, among other things, the source(s) and amount(s) of all monetary gifts made to the NIH Foundation and the CDC Foundation, as well as restrictions on the uses of those donations.

9. Upon review of these annual reports dating back as far as 2010, the Plaintiffs have determined that statutorily required information has been omitted from those reports and concealed from the American public.

*Documented Concerns About Ethical and Policy Conflicts of Interest*

10. The United States is experiencing a grave health crisis. Despite health care expenditure rapidly approaching 20% of U.S. GDP, our life expectancy declined in 2015 and 2016. Initial data indicates it fell in 2017 as well, and the death rate rose in the first quarter of 2018. The last time the U.S. witnessed three consecutive years of falling life expectancy was 1916-1918, during a global flu pandemic. See *https://www.bloomberg.com/news/articles/2018-05-23/with-death-rate-up-us-life-expectancy-is-likely-down-again* (last accessed September 27, 2018).

11. During a health crisis, a country naturally turns to its national health institutions. And yet, instead of responding effectively to the problems of type-two diabetes, Alzheimer's disease, liver disease, opioid addiction and other chronic diseases, to name just a few, the NIH and CDC have been embroiled in numerous, high profile ethical scandals involving the very industries that have contributed to our Nation's chronic disease and opioid epidemics. Concomitant with those scandals, the CDC Foundation and NIH Foundation have failed to comply with their legal transparency requirements, engaging in opaque partnerships with opioid manufacturers, soda companies, the NFL, and other corporations that represent major and direct conflicts of interest for any institution purported to care for the public's health.

12. A full accounting of the NIH and CDC's ethical morass would exceed the bounds of this Complaint, but we can start with NIH's recently terminated alcohol study, initially referred to as CHEERS. Five alcohol companies committed to supplying most of the study's $100 million cost. In apparent exchange for their funding, NIH researchers engaged in "conference calls [the lead investigator] held with alcoholic beverage companies and lengthy memos written in response to their concerns, long before the NIH even announced it would sponsor the trial." See *https://www.nytimes.com/2018/06/18/health/nih-alcohol-study.html* (last accessed September 27, 2018). Importantly, the alcohol funding was worked through the NIH Foundation, which is supposed to provide a firewall between industry funding and government employees. Clearly, that firewall did not do its job here.

13. Meanwhile, at the CDC a group of whistleblowers reported in August 2016 that unethical behavior is "becoming the norm and not the rare exception."

See *https://usrtk.org/wp-content/uploads/2016/10/CDC_SPIDER_Letter-1.pdf* (last accessed September 27, 2018). The whistleblowers cited peculiar, favorable treatment being enjoyed by Coca-Cola-connected employees Michael Pratt ("Pratt") and Barbara Bowman ("Bowman"). Coca-Cola funded Pratt's research while he worked for the CDC, as the San Diego Tribune has covered. See *http://www.sandiegounion tribune.com/news/watchdog/sd-me-watchdog-ucsd-20160929-story.html* (last accessed September 27, 2018). Bowman worked at Coca-Cola prior to her time at the CDC and maintained close communications with Coca-Cola representatives during her period of employment. Those communications were so close, in fact, that e-mails emerged showing Bowman "offering guidance to a leading Coca-Cola advocate who was seeking to influence world health authorities on sugar and beverage policy matters."
See *https://www.huffingtonpost.com/carey-gillam/cdc-official-exits-agency_b_ 10760490.html* (last accessed September 27, 2018). Similar to the CHEERS study, the CDC-Coca-Cola contact continued concomitant with Coca-Cola funding flowing through the CDC Foundation to the CDC itself.

    14. Moreover, this partnership coincided with a slew of highly questionable CDC decisions pertinent to chronic disease. For example, the CDC's diabetes rate estimate is over 20% below what Gallup found based on more credible methodology. The CDC's faulty methodology "assumes that the prevalence of diabetes in 2015 was the same as it was in earlier periods (2011–2014)." See *https://keepfitnesslegal.crossfit.com/2017/07/ 31/the-cdcs-deadly-cocktail-corruption-deception-and-cover-ups/* (last accessed September 27, 2018). Similarly, CDC's obesity statistics appear to downplay state obesity rates by over 30%, as compared to more reliable records. See *https://onlinelibrary.wiley.*

*com/doi/full/10.1002/osp4.274* and *https://www.naplesnews.com/story/news/health/2018/06/21/floridians-nearly-10-percent-fatter-than-cdc-reports-study-found/710952002/* (last accessed September 27, 2018).

15. Downplaying the nation's chronic disease epidemic is clearly not in the best interest of American citizens, though it may serve the interests of some of CDC's corporate partners. If the independent, more rigorous statistics are correct, then millions more Americans are suffering from type-two diabetes and obesity than the CDC currently portrays.

16. The CDC Foundation and NIH Foundation's lack of complete transparency as required by law has so far prevented a full accounting of the scope of the private sector's influence. This problem even caught the attention of Congress, which recently reprimanded both foundations and reminded them of the need to report the sources, amounts and restrictions of each grant. See *http://www.sciencemag.org/news/2018/06/us-lawmakers-want-nih-and-cdc-foundations-say-more-about-donors* (last accessed September 27, 2018).

17. The very first step to addressing this public health crisis is to examine the extent of regulatory capture at CDC and NIH. This FOIA lawsuit seeks to provide the transparency that is badly needed at this point in history.

## **COUNT ONE (NIH)**

18. The Plaintiffs repeat and reallege paragraphs 8 through 17 above, inclusive.

19. By letter dated July 2, 2018, the Plaintiffs submitted to the NIH a FOIA request.

20. The FOIA request specifically sought copies of records, including cross-references, memorializing the following:

A. any documents – including verbal communications memorialized in writing – reflecting discussions between the NIH and the NIH Foundation regarding the compilation of relevant information for publication in the PHSA-required annual reports, including identification of information that is statutorily-required to be included in the annual reports;

B. All records memorializing the transmission of information from the NIH to the NIH Foundation for use in the publication of the PHSA-required annual reports; and

C. All records memorializing legal and policy determinations by the NIH that the information provided to the NIH Foundation is sufficient as a matter of law with respect to the statutory requirements set forth in the PHSA for the purpose of publishing the annual report.

21. In the FOIA request, the Plaintiffs pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or who otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redaction of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Plaintiffs explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third party privacy interests, the Plaintiffs stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing.

22. To date, no substantive response has been received by the Plaintiffs from NIH. Therefore, Plaintiffs have constructively exhausted all required administrative remedies.

## **COUNT TWO (CDC)**

23. The Plaintiffs repeat and reallege paragraphs 8 through 17 above, inclusive.

24. By letter dated July 2, 2018, the Plaintiffs submitted to the CDC a FOIA request.

25. The Plaintiffs repeat and re-allege paragraphs 20 and 21 above, as the language used in the request to NIH for records regarding the NIH Foundation is identical to that which was used in the request to CDC for records regarding the CDC Foundation.

26. By letter dated August 20, 2018, the CDC issued a substantive response. The CDC indicated that it had located 318 pages of responsive records and was releasing them in part, with redactions applied in reliance upon Exemption 5 and Exemption 6. The FOIA request was designated as Request Number 18-008655-FOIA.

27. By letter dated August 21, 2018, the Plaintiffs submitted an administrative appeal challenging the CDC's substantive response.

28. To date, no substantive response has been received by the Plaintiffs regarding their appeal. The Plaintiffs have therefore constructively exhausted all required administrative remedies.

WHEREFORE, plaintiffs CrossFit, Inc., U.S. Right to Know, and Andrea Maria Cecil pray that this Court:

(1) Order the defendant federal agency to produce all responsive, non-exempt agency records to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   October 4, 2018

                Respectfully submitted,

                    /s/
                _____

                Bradley P. Moss, Esq.
                D.C. Bar #975905
                Mark S. Zaid, Esq.
                D.C. Bar #440532
                Mark S. Zaid, P.C.
                1250 Connecticut Avenue, N.W.
                Suite 700
                Washington, D.C. 20036
                (202) 454-2809
                (202) 330-5610 fax
                Brad@MarkZaid.com
                Mark@MarkZaid.com

                Attorneys for the Plaintiffs